LEIGH M. CLARK, Retired Circuit Judge.
Appellant presents the following as the only issue for review:
“Whether or not the court erred in refusing to exclude a portion of defendant’s statement, which indicated that he had committed or attempted to commit other crimes.”
Appellant was convicted of murder in the first degree of DeLeon Adams by shooting him with a pistol.
Included in the strong undisputed evidence that appellant and two others participated in the murder of Mr. Adams, while attempting to rob him in his store, was the confession of appellant, which was admitted in evidence after ample proof of its volun-tariness and an intelligent waiver of his right to counsel and his right to remain silent, as to which no question is raised.
The confession was lengthy and covered details of what appellant and one or both of the other two did from about 7:30 or 8:00 A.M. the morning of the homicide until about noon when the homicide occurred. He continued by stating that one of the other two stayed in the automobile on the outside of the store, that he and Eddie went into the store, that Eddie had his gun on him and pulled it on Mr. Adams. He said that Mr. Adams reached for his own gun in his pocket and while Eddie was trying to keep Mr. Adams from getting his own gun out of his pocket, the gun that appellant had in his hand went off. He said he knocked Mr. Adams to the floor, that he went through the cash register, dropped some of the money on the floor and Eddie picked it up. “Then I told him to come on, let’s go.” In his statement, appellant continued to tell what happened that day, that night and the next day. The part of the confession of appellant as to which error is ascribed to the admission thereof shows that he and one or both of the other two were reconnoitering a large area of the city of Montgomery for the purpose of burglary or robbery or both. They did not succeed at any place other than at Mr. Adams’ store.
The admission in evidence of that part of the confession of appellant does not violate the general rule of exclusion as to other crimes. This for at least two reasons, (1) the part of the confession prior to the commission of the crime was inseparably connected with that part of it which contained an admission of the crime charged and (2) it constituted evidence of the intent essential to murder and premeditation essential to murder in the first degree.
In Andrews v. State, Ala.Cr.App., 359 So.2d 1172, 1176, the following is stated:
“The general rule is that the whole confession is admissible even though it shows the accused committed other crimes if such admissions are inseparably connected with the confession of the *376 crime charged. However, where inadmissible statements in a confession can be easily separated from those relating to the crime charged, only those parts material to the crime charged should be admitted. Madison v. State, 40 Ala.App. 62, 109 So.2d 749 (1958), cert. denied, 268 Ala. 699, 109 So.2d 755.”
The rule is stated in Sims v. State, 253 Ala. 666, 668, 46 So.2d 564, 566:
“All the features of a confession are not necessarily admissible even though it is voluntary. We think a good statement of the rule is that if the confession indicates that accused has committed a separate offense it should be excluded by the court if its separation is possible, leaving the balance intelligible, unless it tends directly to prove accused guilty of the crime charged, or the motive for its commission, or where such part tends to explain the remaining portion of the confession. . . . ”
There was enough evidence in the case, without admission of that part of the confession to which the objection was made, to justify a verdict of murder in the first degree. Nevertheless, that part of the confession to which the objection was made furnished some substantial evidence, in addition to the rest of the evidence, that when defendant fired the shot that killed Mr. Adams, such homicide was “committed in the perpetration of, or the attempt to perpetrate, . . . robbery” which of itself constitutes murder in the first degree. Ala.Code 1975, § 13-1-70.
The court was not in error in admitting the entire confession, including the part to which defendant objected.
No error prejudicial to defendant is found in the record. The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article, (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.