UNITED STATES of America,
Plaintiff-Appellee,

v.

Johnny Edwin HARE,
Defendant-Appellant.

No. 78–5559
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1979.

J. Louis Wilkinson, Birmingham, Ala., for defendant-appellant.

J. R. Brooks, U. S. Atty., Michael V. Rasmussen, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

* Rule 18, 5 Cir.;  *see Isbell Enterprises, Inc.  v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**PER CURIAM:**

Hare was convicted on counts One through Four charging possession with intent to distribute various drugs, and Count Five, possession of a firearm after being convicted of a felony.

The defense did not move before trial to suppress the drugs and the guns as required by F.R.Crim.P. 12(b) and first raised it by objection at trial. Under Rule 12(f) this waived the point, but even if the issue of warrantless search had been properly raised it was without merit. Officers were not required to secure a warrant to search an open, unfenced, unposted densely wooded area, near a highway and not part of the curtilage of any dwelling. *E. g., U. S. v. Williams*, 581 F.2d 451, 453–54 (C.A.5, 1978).

There was no error in refusing to divulge the identity of an informer. Hare contended that he was entitled to know the informer's identity on the theory that he did not know the contents of the bag hidden in the woods and containing the drugs and the guns and was merely investigating the sack to see what it contained. The informer's tip had represented that the informer was present when Hare and his brother placed the bag in the woods and had said or implied that persons other than the Hare brothers may have been present. The bag was partially covered by rocks and vegetation. The area was so densely wooded that it was difficult to reach the location of the sack, and Hare had to crawl to get to it. Hare placed his hand into the sack but when he was flushed had not removed anything; he removed his hand and officers took possession of the sack and closed it. Shortly thereafter Hare voluntarily told his father, in the presence of the officers, that he had been "caught in a trap." Later, at police headquarters, the officers dumped out the sack. In the bottom, underneath the drugs, were two guns. Soon thereafter Hare was overheard making a telephone call in which he told the person at the other end of the line to call his [Hare's] lawyer and "tell him they've got both guns." Hare's theory is that, if revealed, the informer might testify that Hare, though physically present when the sack was brought into the woods and put in its location, did not know what was in the sack. Under the balancing test of *Roviaro v. U. S.*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956), this possibility (if it can be called possibility at all) is simply too attenuated to be considered a necessary part of Hare's defense.

The contention of multiplicity in counts One through Four is raised for the first time on appeal. In any event, we do not reach it since the sentences on counts Two, Three and Four are concurrent with the sentence on count One.

AFFIRMED.