Jessie Mae Malone was indicted for possession of marijuana for purposes other than for her personal use. The jury found the appellant "guilty as charged in the indictment" and after a sentencing hearing the trial judge sentenced her to two years' imprisonment. *Page 1388 
On February 13, 1982, Sergeant Ed Taylor and Sergeant Frank Debuty of the Decatur Police Department, and Lieutenant Walter Price and Lieutenant James Hudson of the Morgan County Sheriff's Department executed a search warrant at 1301 Sunset Drive in Decatur, Alabama. Such warrant was executed at 7:34 a.m. and its purpose was for marijuana. Upon obtaining entry into this apartment, Sergeant Taylor and Lieutenant Price went upstairs, and Sergeant Debuty and Lieutenant Hudson stayed downstairs. Upstairs, the officers located a black female, the appellant, in one bedroom and a black male and black female in another bedroom. All of the occupants of the apartment were brought together downstairs in the living room. Sergeant Debuty testified that at this point all occupants were read theirMiranda rights.
Lieutenant Price testified that he searched the appellant's bedroom where he found a large plastic bag, which contained marijuana, beneath a chair in the room. Underneath the same chair he found another bag which contained 40 to 50 coin envelopes. Each of these envelopes contained marijuana. He found two sets of gram scales, in plain view, on top of the dresser in the bedroom. He further found two boxes of coin envelopes in one of the dresser drawers.
Sergeant Taylor testified that upon his search of the living room he found more marijuana under the seat cushions on the couch. He also found a box which contained $93.96 in cash under the same couch. He said that he then asked all of the occupants of the apartment who owned the marijuana. He said the appellant spoke up and stated "[i]t's not theirs, they didn't have anything to do with it." Taylor then took the appellant into the kitchen, advised her of her Miranda rights, and asked her who owned the marijuana. He stated that she said it belonged to her.
The appellant was arrested and taken to the Decatur Police Department. Sergeant Taylor read her a form which had herMiranda rights printed on it and also a waiver of those rights. Sergeant Taylor stated that the appellant then read the form and signed the waiver of rights. He stated that the appellant proceeded to make a confession, which he reduced to writing. The appellant read the confession, initialed, and signed this writing.
 I
The appellant contends that the trial court committed reversible error in admitting into evidence her confession which included an admission to having committed other crimes.
After the appellant's arrest she gave the following statement to Sergeant Taylor:
 "This statement is being written by Sgt. Taylor, but the words are my own. Nothing has been promised to me for making this statement. Today the police searched my house and found several nickle bags. All the nickle bags of marijuana belonged to me. The large bag of marijuana the police found also belonged to me. I had the marijuana to sell. It should be a little less than a pound. I bagged up the nickles last night before I went to work. The police also found some money in a box. All of that money came from marijuana I sold yesterday. I have been selling marijuana for around two months." (R. 139-140)
It is the last two sentences of the appellant's statement that the appellant claims should not have been admitted.
As a general rule, parts of a confession which include admission of offenses separate from those relating to the crime in issue are not admissible. Madison v. State, 40 Ala. App. 62,109 So.2d 749 (1958); Andrews v. State, 359 So.2d 1172
(Ala.Crim.App. 1978); Montgomery v. State, 365 So.2d 374
(Ala.Crim.App. 1978); Jordan v. State, 380 So.2d 999
(Ala.Crim.App. 1979), cert. denied, 380 So.2d 1003 (Ala. 1980). "In a criminal prosecution, any proof which tends to show the accused is guilty of other offenses, even though of a similar nature to the one charged, is incompetent and inadmissible for the purpose of showing the commission of the crime under *Page 1389 
indictment subject to certain well-delineated exceptions. These exceptions as they bear on the accused's motive, intent, scienter, identity, pattern, system, and nature are discussed in numerous cases." McMurtrey v. State, 37 Ala. App. 656,74 So.2d 528 (1954); Madison v. State, supra; Andrews v. State, supra;Montgomery v. State, supra; Jordan v. State, supra.
In the present case, the appellant's admission of the prior sale of marijuana was relevant to prove her intent, motive, scheme or on-going business system to engage in illegal drug transactions. See Montgomery v. State, supra; Jordan v. State, supra; Terry v. State, 424 So.2d 710 (Ala.Crim.App. 1982); C. Gamble, McElroy's Alabama Evidence, §§ 69.01 (6), 200.15 (3d ed. 1977).
Moreover, such was relevant and substantial evidence, in addition to the rest of the evidence, that the appellant held such marijuana for other than her personal use as averred in the indictment.
 II
The appellant contends that the trial court erred in admitting into evidence her oral statements to police officers while she was in her home, and her written confession. She argues that the State did not show such statements to be voluntary.
The State must show voluntariness and a Miranda predicate in order for a statement to be deemed admissible. Thomas v. State,373 So.2d 1149 (Ala.Crim.App.), affirmed, 373 So.2d 1167 (Ala. 1979). The record discloses that during the trial of the case, the trial judge entertained testimony of the circumstances surrounding the statements in a voir dire examination outside the presence of the jury. The record further shows that the State brought forth testimony which properly showed that the appellant had been advised of her Miranda rights prior to each statement she made. There was testimony from police officers that the appellant was not threatened, coerced, nor promised any reward or hope of reward for making a statement. The record shows that the appellant signed a waiver of rights form before giving her written confession. The appellant testified that no one read her Miranda rights to her until after she made the oral statements of ownership and she was being transported to the police station. She further stated that she claimed ownership of the marijuana only after Taylor stated that if no one claimed such ownership he would take them all downtown. She stated that she did not read her rights on the printed form, nor the waiver. She stated that Sergeant Taylor did not read them to her. She further stated that she did not give a confession to Sergeant Taylor. She did state, however, that she signed some papers at Sergeant Taylor's request, but she did not read them. She stated that it was her signature on the waiver of rights form and on the confession.
Generally, it is the province of the trial judge to first determine the voluntariness of a statement in a voir dire examination outside the presence of the jury, and unless there is clear abuse this decision will not be overturned. Duncan v.State, 278 Ala. 145, 176 So.2d 840 (1965); Shewey v. State,48 Ala. App. 730, 267 So.2d 520 (1972); Bills v. State, 49 Ala. App. 726, 275 So.2d 706 (1973); Hardy v. State, 409 So.2d 996
(Ala.Crim.App. 1982); Shorts v. State, 412 So.2d 830
(Ala.Crim.App. 1981); Snider v. State, 422 So.2d 807
(Ala.Crim.App. 1982). When the evidence on the circumstances surrounding the appellant's confession is conflicting on voir dire, the trial judge must determine its admissibility. If admitted, then the controverted testimony for the defendant goes to the jury on the confession's credibility. Where the trial judge finds on conflicting evidence that the confession was voluntarily made, its finding will not be disturbed on appeal unless found to be manifestly contrary to the great weight of the evidence. Taylor v. State, 337 So.2d 1368
(Ala.Crim.App. 1976); Balentine v. State, 339 So.2d 1063
(Ala.Crim.App.), cert. denied, 339 So.2d 1070 (Ala. 1976);Myers v. State, 401 So.2d 288 (Ala.Crim.App. 1981); Harris v.State, *Page 1390 420 So.2d 812 (Ala.Crim.App. 1982); Wiggins v. State,440 So.2d 1164 (Ala.Crim.App. 1983).
In this cause the trial judge's conclusion that the statements were voluntary and admissible was adequately supported by the evidence and this decision will not be overturned.
 III
The appellant contends that the trial court committed reversible error in failing to admit into evidence the search warrant affidavit which contained allegations of a confidential and reliable informant.
The appellant's argument has no merit. The rule in Alabama is precisely the opposite of her argument. "Although the hearsay allegations of a reliable informant may be considered in hearing a motion to suppress, conducted outside the jury's presence, in determining probable cause for an arrest or search, they have no place in the trial itself." Small v.State, 348 So.2d 504 (Ala.Crim.App.), affirmed, 348 So.2d 507
(Ala. 1977); Tierce v. State, 396 So.2d 1090 (Ala.Crim.App. 1981). This court and our Supreme Court have clearly and consistently held that hearsay allegations of a confidential informant may not be placed before the jury in a criminal trial. Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975);Small v. State, supra; Satterwhite v. State, 364 So.2d 345
(Ala.Crim.App. 1977), reversed, 364 So.2d 359 (Ala. 1978);Tierce v. State, supra; Bowen v. State, 406 So.2d 1077
(Ala.Crim.App. 1981); Irwin v. State, 421 So.2d 1371
(Ala.Crim.App. 1982); Waldrop v. State, 424 So.2d 1345
(Ala.Crim.App. 1982).
The trial court did not err in not allowing the search warrant affidavit into evidence. If he had admitted the affidavit which contained hearsay allegations of a confidential informer, he would have been in error.
 IV
The appellant argues that the trial court committed reversible error by denying her motion to require the State to reveal the identity of their confidential informer.
The general rule is that the prosecution is privileged to withhold from the accused disclosure of the identity of an informant, unless it is essential to the defense set up by the accused and necessary to show their innocence. Hood v. State,47 Ala. App. 192, 252 So.2d 117 (1971); Davenport v. State,50 Ala. App. 321, 278 So.2d 769 (1973); Hatton v. State,359 So.2d 822 (Ala.Crim.App. 1977); Murphy v. State, 367 So.2d 584
(Ala.Crim.App.), cert. denied, 367 So.2d 587 (Ala. 1978);Thornton v. State, 390 So.2d 1093 (Ala.Crim.App.), cert. denied, 390 So.2d 1098 (Ala. 1980), cert. denied, 450 U.S. 998,101 S.Ct. 1704, 68 L.Ed.2d 200 (1981). In such a case, the burden is on the accused to show why disclosure of the informant's identity was necessary to show her innocence.Hatton v. State, supra; Thornton v. State, supra. Furthermore, "mere supposition or conjecture about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." U.S. v. Hare, 589 F.2d 242 (5th Cir. 1979);Gambrel v. State, 405 So.2d 954 (Ala.Crim.App.), cert. denied,405 So.2d 957 (Ala. 1981).
In this case, the confidential informant was not an active participant with the appellant in possession of the marijuana found in her home. The informant merely supplied police officers with information to establish probable cause for a search of the appellant's residence. In cases such as the one sub judice, a prosecution for possession and not for sale, this court has held that such disclosure is not necessary to the defense or necessary to show the accused's innocence. See Dixonv. State, 39 Ala. App. 575, 105 So.2d 354 (1958); Murphy v.State, supra; Thornton v. State, supra; Dannelley v. State,397 So.2d 555 (Ala.Crim.App.), cert. denied, 397 So.2d 577 (Ala. 1981). Therefore, after a thorough review of the affidavit and the record, we can not hold that the trial court was in error for not requiring disclosure in this case. Thus, there is no violation of Roviaro v. United States, 353 U.S. 53,77 S.Ct. 623, 1 L.Ed.2d 639 (1957). *Page 1391 
 V
The appellant's last contention is that the trial court erred in denying her motion to dismiss and motion to strike. Specifically, the appellant argues that the indictment contained unnecessary and surplus averments to charge her for a felony. She further argues that such averments, i.e. that the marijuana was for other than her personal use, were prejudicial to her.
In a prosecution for illegal possession of marijuana, there is a presumption that the possession is for other than personal use. The showing of possession for personal use is a defensive matter and the burden of adducing evidence on this issue is upon the accused. Corbin v. State, 55 Ala. App. 33,312 So.2d 604 (1975); Burns v. State, 57 Ala. App. 281, 327 So.2d 920, cert. denied, 295 Ala. 423, 327 So.2d 927 (1976); Roberts v.State, 349 So.2d 89 (Ala.Crim.App.), cert. denied, 349 So.2d 94
(Ala. 1977); Lee v. State, 350 So.2d 743 (Ala.Crim.App. 1977);Barnett v. State, 373 So.2d 1226 (Ala.Crim.App. 1979);Sturdivant v. State, 439 So.2d 184 (Ala.Crim.App. 1983). The State need not prove that the possession of marijuana was not for personal use. Corbin v. State, supra; Burns v. State, supra; Roberts v. State, supra; Barnett v. State, supra; Taylorv. State, 443 So.2d 1292 (Ala.Crim.App. 1983). Where the indictment charges mere possession of marijuana, the State is not required to prove that marijuana is possessed for purpose of sale. Roberts v. State, supra.
Although it is not necessary for the State to prove that possession of marijuana was not for personal use, they assumed the burden of so doing by the wording of the indictment. "[I]t is axiomatic that some indicia of [her] intent would have to come out in the prosecutor's proof to support this averment."Corbin v. State, supra. In this cause the State assumed this burden and the evidence was sufficient to support such averment. Moreover, in light of the evidence in this cause, the appellant was in no way prejudiced by such averments. Therefore, we find no error in the trial court's denial of appellant's motions.
We have carefully reviewed the record in this cause and can find no error therein.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.
 *Page 235