Phillip Musgrove was convicted of capital murder and kidnapping, Ala. Code 1975, § 13A-5-40(a)(1), and was sentenced to death by electrocution. The Court of Criminal Appeals affirmed the conviction and sentence and overruled Musgrove's application for rehearing. Musgrove's petition for writ of certiorari was granted pursuant to Rule 39(c), A.R.App.P.
The facts are set forth in the opinion of the Court of Criminal Appeals in this case, 519 So.2d 565.
Musgrove presents eight issues for our review.
 Issue I
The Court of Criminal Appeals held that the admission into evidence of an illegally seized bayonet was harmless error. We agree with this determination. However, in doing so, we apply a standard *Page 587 
employed by the United States Supreme Court for determining whether a trial error is harmless.
The United States Supreme Court has held that in order for a federal constitutional error to be held harmless, the court must find beyond a reasonable doubt that the error did not contribute to the conviction. Fahy v. Connecticut, 375 U.S. 85,84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Chapman v. California,386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See also Neelleyv. State, 494 So.2d 669 (Ala.Crim.App. 1985), affirmed,494 So.2d 697 (Ala. 1986), cert. denied, ___ U.S. ___,107 S.Ct. 1389, 94 L.Ed.2d 702 (1987).
In the instant case, we find that the admission of the bayonet could not reasonably have contributed to the verdict. Musgrove admitted that he killed the victim and identified the knife that he had used. He also admitted that he carried a bayonet in his car, but testified that he did not use it on the victim. In addition, Musgrove's only defense was insanity. Thus, the only triable issue was whether Musgrove was legally culpable for his acts. Given these circumstances, we conclude that the admission of the bayonet into evidence could not reasonably have contributed to Musgrove's conviction and, therefore, was harmless.
 Issues II — VIII
As to the remaining issues, we note that we have carefully reviewed the record, that we have scrutinized the holding of the Court of Criminal Appeals, and that we have carefully considered the propriety of the death penalty, pursuant to Ala. Code 1975, § 13A-5-53(a), and we find that there were no errors adversely affecting Musgrove's rights. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.