947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mack Arthur SKEENS, Defendant-Appellant.
 Nos. 91-1664, 91-1665.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 24, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 The appellant, Mack A. Skeens, was convicted of possessing stolen property and sentenced under the Federal Sentencing Guidelines (the "Guidelines"). Mr. Skeens now alleges that his conviction and sentence are invalid because they were based on illegally seized evidence. Mr. Skeens, however, did not object to the evidence at pretrial or at sentencing. We therefore find that Mr. Skeens waived these issues, and we affirm the district court.
 
 
 2
 On March 5, 1990, the government filed a complaint alleging that Mr. Skeens conspired to possess stolen property which was part of an interstate shipment. The next day, a magistrate issued two search warrants authorizing the government to search storage facilities which Mr. Skeens rented for "containers/boxes/cases of Hills Brothers brand coffee." Pursuant to this warrant, the government searched the facilities and found the Hills Brothers Coffee. Government agents also found Hormel products, Scott Tissue toilet paper, and truck tires, which they later discovered were stolen. The government photographed the storage facilities and seized all the stolen items.
 
 
 3
 After the seizure, the government charged Mr. Skeens in two separate cases.[1] Case HCR 90-26-04 alleged that Mr. Skeens conspired to possess, stole, and possessed Hills Brothers coffee which was part of an interstate shipment. Mr. Skeens plead guilty to possessing the coffee. Case HCR 90-87-01 alleged that Mr. Skeens conspired to possess, possessed, and transported the toilet paper and Hormel products. This case went to trial. At trial, Mr. Skeens objected for the first time to the admission of the truck tires, toilet paper, and Hormel products, based on an illegal search and seizure. The court, however, admitted the evidence and the jury convicted Mr. Skeens.
 
 
 4
 After the conviction, the district court sentenced Mr. Skeens in both cases. In the coffee case, HCR 90-26-04, the judge added the value of the toilet paper and the Hormel products to the value of the coffee to determine the base offense level under the Guidelines even though case 90-26-04 did not involve the toilet paper or Hormel products. Mr. Skeens objected to this method of computation on due process, but not Fourth Amendment, grounds.
 
 
 5
 On appeal, Mr. Skeens argues that government agents illegally seized the tires, toilet paper, and Hormel products because those items were not mentioned in the search warrants. Consequently, he alleges that the district judge erred by admitting the tainted evidence in the trial of case 90-87-01 and that the judge wrongly considered the same illegal evidence during the sentencing of case HCR 90-26-04.
 
 
 6
 Mr. Skeens first argues that this court should reverse his conviction in HCR 90-26-04 because it was based on an illegal search and seizure. We decline to address this challenge because Mr. Skeens failed to raise the issue in a timely fashion. Such objections must be raised in a pretrial motion to suppress. Fed.R.Crim.P. 12(b)(3); objections not raised in such a motion are deemed waived.[2] Fed.R.Crim.P. 12(f); United States v. Simone, 931 F.2d 1186, 1192 (7th Cir.1991); United States v. Hare, 589 F.2d 242, 243 (5th Cir.1979). Thus, although Mr. Skeens objected to the admission of the tires, toilet paper and Hormel products at trial, his objection was untimely because he failed to file a motion to suppress before trial.
 
 
 7
 Mr. Skeens second objection is to the district court's calculation of his base offense level at sentencing. He argues that the district court considered illegally seized evidence when making its calculation and urges this court to adopt a rule forbidding sentencing courts from considering illegal evidence.[3] Mr. Skeens never raised this issue at sentencing although he did object to the inclusion of the Hormel products and toilet paper on due process grounds.
 
 
 8
 Because he failed to object at sentencing, the Fourth Amendment issue is waived. Under the Guidelines, parties have an opportunity to object before sentencing and at the sentencing hearing. Objections not raised before sentencing are deemed waived. United States v. Macias, 930 F.2d 567, 569 (7th Cir.1991) (defendant's objection to the method of computing his sentence is waived). Thus, Mr. Skeens arguments are waived. Although he objected to the evidence at sentencing on due process grounds, he never raised a Fourth Amendment objection until appeal.
 
 
 9
 For the forgoing reasons, Mr. Skeens' sentence in case 90-26-04 and his conviction in case 90-87-01 are
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 On appeal, we consolidated these cases for the purposes of briefing and disposition
 
 
 [2]
 There is an exception to this rule. If a litigant can show good cause for delay, a district court may grant relief from the waiver. Mr. Skeens, however, never made a showing of good cause and the district court never granted relief
 
 
 [3]
 Mr. Skeens' brief also raises a due process objection to sentencing based on United States v. Perez, 858 F.2d 1272 (7th Cir.1988) and United States v. Plisek, 657 F.2d 920 (7th Cir.1981). This argument, however, is foreclosed by our decision that Mr. Skeen's conviction in 90-87-01 was proper