TAYLOR, Judge,
dissenting.
I dissent from the majority’s holding in its unpublished memorandum that the state met its burden of proof in showing that a statement made by the appellant to an investigator was voluntary. I do not agree that the state met that burden here.
All extrajudicial statements are deemed involuntary. Before any extrajudicial statement may be received into evidence, the state must prove that Miranda[1] warnings were given, that the rights enunciated in those warnings were waived, and that no inducement or offer of reward was made to the accused to obtain the statement. Whitlow v. State, 509 So.2d 252 (Ala.Cr.App.1987); Malone v. State, 452 So.2d 1386 (Ala.Cr.App.1984).
In this case, the investigator to whom the appellant made the statement testified that the appellant had also spoken with the chief of police. The chief, however, did not testify. *325 The state did not offer any evidence as to what occurred during the chiefs questioning of the appellant, other than the investigator’s testimony that after he questioned the appellant, the chief told him that the appellant wanted “to cooperate” by making some cases on other people “to work this one off.” The state failed to show what the chief said to the appellant to get her to agree to work with the police.
The investigator testified:
“[The appellant] was told that if she made the right kind of case on [a suspected drug dealer] that it would be left on a state level instead of taking her to the federal charge, and from that point on it would depend upon how many cases she made and what type of cases they were.”
There are indications in the record that the appellant may have been induced or offered a reward in return for her statement. These indications weigh heavily against the state. The only way the state could show that the appellant’s statement was not the product of coercion or inducement was for the chief to testify as to what occurred during his conversation with the appellant. The state failed to meet its burden of proof; the statement should have been suppressed. Therefore, I must dissent.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).