777 So.2d 221 (2000)
Rayford HAGOOD
v.
STATE.
CR-95-1915.
Court of Criminal Appeals of Alabama.
April 28, 2000.
Opinion on Return to Remand June 30, 2000.
*222 William Keith Bradford, Birmingham; and Donald L. Colee, Jr., Birmingham, for appellant.
Bill Pryor, atty. gen.; and Paul H. Blackwell, Jr., and Rosa Davis, asst. attys. gen., for appellee.

After Remand from the Alabama Supreme Court
FRY, Judge.
Pursuant to the Alabama Supreme Court's decision in Hagood v. State, 777 So.2d 214 (Ala.1999), we hereby reinstate the trial court's order sentencing Hagood to death.
The Supreme Court in its opinion ordering this Court to reinstate Hagood's sentence stated:
"The Court of Criminal Appeals pretermitted discussion of four issues relating to Hagood's sentence, in light of its order remanding for further sentencing proceedings. Although Hagood did not present these issues in his petition for the writ of certiorari, we have addressed one of these issues ..., and we have reviewed the remaining three issues for plain error, since Hagood made no objection at trial in regard to the alleged errors these issues relate to. After thoroughly reviewing the record and the applicable caselaw, we find no plain error."
777 So.2d at 220. Thus, this Court need not address these issues.
Because in our earlier opinion, we reversed the order sentencing Hagood to death, we did not, in that opinion, review the propriety of Hagood's sentence to death, as we are required to do by § 13A-5-53, Ala.Code 1975. On remand, we find that the trial court's written sentencing order was deficient, in that the trial court failed to comply with the requirement of § 13A-5-47(d), Ala.Code 1975, that it "enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, *223 each mitigating circumstance enumerated in § 13A-5-51, and any additional mitigating circumstances offered pursuant to § 13A-5-52." (Emphasis added.) Additionally, we note that with regard to the mitigating circumstance "that the defendant was under extreme duress or under the substantial domination of another person" the trial court stated, "There is no evidence to support this contention other than the findings set out in [the trial court's determination of the existence that the mitigating circumstance that `the capital offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.']" The trial court did not specifically determine whether this mitigating circumstance existed. Therefore, although we are reluctant to remand this cause, we do not believe the deficiencies in the sentencing order will withstand the rigorous appellate review process. Thus, this cause is remanded to the trial court with directions that that court enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, each mitigating circumstance enumerated in § 13A-5-51, and any nonstatutory mitigating circumstances offered pursuant to § 13A-5-52, and, once again, decide the appropriate punishment by reweighing the aggravating circumstances against the mitigating circumstances. See Griffin v. State, [Ms. CR-97-1026, December 10, 1999 (on return to remand, February 4, 2000)] ___ So.2d ___ (Ala.Cr.App.1999) (opinion on return to remand); and Borden v. State, 769 So.2d 935 (Ala.Cr.App. 1997). No evidentiary hearing is required. The rewritten sentencing order of the trial court shall be filed in this court within 35 days from the date of this opinion.
REMANDED WITH DIRECTIONS AS TO SENTENCING.
LONG, P.J., and McMILLAN and BASCHAB, JJ., concur; COBB, J., recuses herself.

On Return to Remand
FRY, Judge.
In Hagood v. State, 777 So.2d 221 (Ala.Cr.App.2000), this Court, pursuant to the Supreme Court's directions, reinstated the trial court's order sentencing Hagood to death. See Hagood v. State, 777 So.2d 214 (Ala.1999). While conducting our review of the propriety of Hagood's death sentence, we determined that the trial court's written sentencing order was deficient. We remanded the cause to the trial court with directions that that court enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, Ala.Code 1975, each mitigating circumstance enumerated in § 13A-5-51, and any additional nonstatutory mitigating circumstances offered pursuant to § 13A-5-52. See Hagood v. State, 777 So.2d at 219-20. The trial court has complied with those directions and has submitted an amended sentencing order on return to remand that satisfies the statutory requirements.
Section 13A-5-53, Ala.Code 1975, requires that this Court address the propriety of Hagood's conviction and sentence to death. Hagood was indicted and convicted of capital murder as defined in § 13A-5-40(a)(1), i.e., murder committed during a kidnapping.
The record indicates that Hagood's sentence was not imposed under the influence of passion, prejudice, or any other arbitrary factor. § 13A-5-53(b)(1), Ala.Code 1975.
A review of the record reflects that the trial court correctly found that the aggravating circumstances outweighed the mitigating circumstances. The trial court reviewed all the evidence offered and found the following two aggravating circumstances:

*224 1. Hagood committed the capital offense during a kidnapping, see § 13A-5-49(4), Ala.Code 1975; and
2. The offense was especially heinous, atrocious, or cruel when compared to other capital offenses.
In concluding that this offense was especially heinous, atrocious, or cruel when compared to other offenses, the trial court stated:
"The Court finds from the evidence that Rayford Hagood entered the home of Jessie Price at night, through the back door, while Jessie Price slept. That Jessie Price got up, used the bathroom, and returned to bed. A short while later Jessie Price entered the room where Hagood was hiding. Hagood attacked Price and during the struggle taped Price's ankles, knees and hands. He also placed tape over Price's mouth and eyes, rendering Jessie Price totally helpless. During the altercation, Price was apparently hit in the head with a blunt object which was consistent with the metal pipe found in the truck belonging to Jessie Price. Rayford Hagood stated he used that truck in the abduction.
"Rayford Hagood put Jessie Price in the truck and drove him to the fork of the Mulberry and Sipsey Rivers, dragged him out of the truck and, according to Hagood's statement, left Price at the edge of the Mulberry River, close to the bank and parallel to the river. Jessie Price was clad in pants, underpants and socks. This occurred at night and in freezing weather. Jessie Price was found the next day face down in the river.
"Dr. Warner testified that the cause of death was drowning. He further testified that if Price were conscious at the time he went into the river that it would have been a horrible death. He further testified that the injuries sustained by Jessie Price would have caused his death within two hours if he did not get medical attention within that period of time.
"Based on the above, this Court is convinced beyond a reasonable doubt that this aggravating circumstance does exist and that in comparison with other capital offenses tried before this Court over a period of 20 years, the degree of heinousness, atrociousness, and cruelty which characterized this crime far exceeds those common to other capital offenses tried before this Court."
(Amended order on return to remand.)
The trial court's findings are more than adequately supported by the record. We agree with the trial court that this capital offense is especially heinous, atrocious, or cruel as compared to other capital offenses.
We note that the trial court in its sentencing order did not specifically enumerate and reject each aggravating circumstance that was not applicable. However, in the order the trial court stated "the aggravating circumstances as set out in Ala.Code § 13A-5-49(1), (2), (3), (5), (6), and (7) do not apply in this case." The order clearly indicates that the trial court considered each aggravating circumstance, made findings with regard to those that were applicable, and rejected those that were inapplicable. We conclude that the trial court's findings with regard to the aggravating circumstances adequately comply with § 13A-5-47(d), Ala.Code 1975.
The trial court found the existence of only one statutory mitigating circumstance. The trial court concluded that Hagood "was under the impression that the deceased had been physically and emotionally abusing a child, which [Hagood] believed was his child, and that his actions the night of the homicide were motivated, according to the defendant's statement, to put a stop to the abuse." See § 13A-5-51(2), Ala.Code 1975. The trial court did not find any nonstatutory mitigating circumstances. See § 13A-5-52. The trial court weighed the aggravating circumstances against the mitigating circumstance *225 and sentenced Hagood to death. We agree with the trial court's findings in the present case.
The trial court found the existence of only one statutory mitigating circumstance. The trial court concluded that Hagood "was under the impression that the deceased had been physically and emotionally abusing a child, which [Hagood] believed was his child, and that his actions the night of the homicide were motivated, according to the defendant's statement, to put a stop to the abuse." See § 13A-5-51(2), Ala.Code 1975. The trial court did not find any nonstatutory mitigating circumstances. See § 13A-5-52. The trial court weighed the aggravating circumstances against the mitigating circumstance and sentenced Hagood to death. We agree with the trial court's findings in the present case.
However, pursuant to § 13A-5-53(b), Ala.Code 1975, we must independently weigh the aggravating and mitigating circumstances to determine the propriety of Hagood's sentence. After an independent weighing, we are convinced that the sentence of death is the appropriate sentence in this case.
We also conclude that Hagood's sentence was not disproportionate or excessive when compared to the penalties imposed in similar cases. See § 13A-5-53(b)(3), Ala.Code 1975. See, e.g., Loggins v. State, 771 So.2d 1070 (Ala.Cr.App.1999), aff'd, 771 So.2d 1093 (Ala.2000); Musgrove v. State, 519 So.2d 565, aff'd, 519 So.2d 586 (Ala.1986), cert. denied, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 611 (1988); Neelley v. State, 494 So.2d 669 (Ala.Cr.App. 1985), aff'd, 494 So.2d 697 (Ala.1986), cert. denied, 480 U.S. 926, 107 S.Ct. 1389, 94 L.Ed.2d 702 (1987); Heath v. State, 455 So.2d 898 (Ala.Cr.App.1983), aff'd, 455 So.2d 905 (Ala.1984), aff'd, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). See also Broadnax v. State, [Ms. CR-97-0113, June 30, 2000] ___ So.2d ___ (Ala.Cr.App. 2000); Boyd v. State, 542 So.2d 1247 (Ala. Cr.App.1988), aff'd, 542 So.2d 1276 (Ala.), cert. denied, 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989).
Hagood's sentence to death is due to be, and is hereby, affirmed.
AFFIRMED AS TO SENTENCE.
LONG, P.J., and McMILLAN and BASCHAB, JJ., concur; COBB, J., recuses herself.