I respectfully dissent. I believe the Court of Criminal Appeals correctly decided this case. In its unpublished memorandum in this case, that court stated:
 "The appellant argues that the search was not legal because the officers did not have a warrant to search the apartment and because the exceptions to the warrant requirement allegedly did not apply in this case.
 "`It is well settled that warrantless entries to and searches of a residence are presumptively unreasonable and that the burden is on the government to demonstrate exigent circumstances justifying a warrantless entry and search. Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Landreth v. State, 600 So.2d 440 *Page 535 
(Ala.Cr.App. 1992). To justify a warrantless entry and search, the state needs to show both the existence of probable cause and exigent circumstances. United States v. Rodgers, 924 F.2d 219 (11th Cir. 1991), cert. denied, 501 U.S. 1221, 111 S.Ct. 2834, 115 L.Ed.2d 1003
(1991), appeal after remand, 981 F.2d 497 (11th Cir. 1993); Etheridge v. State, 414 So.2d 157 (Ala.Cr.App. 1982).
"`. . . .
 "`The establishment of probable cause requires only that facts available to the officer at the moment of search would warrant a person of reasonable caution to believe that the action taken by the officer was appropriate.'
 "A.A.G. v. State, 668 So.2d 122, 126-27 (Ala.Crim.App. 1995).
 "`"`[T]he ultimate test for determining whether exigent circumstances exist justifying a warrantless entry "is whether there is such a compelling necessity for immediate action as will not brook the delay of obtaining a warrant."' United States v. Cresta, 592 F. Supp. 889, 901
(D. Maine, 1984). . . . `The exigent circumstances doctrine recognizes several common situations where the time consuming resort to a neutral magistrate for an arrest or search warrant is unnecessary, for example: hot pursuit, . . . fleeing suspect, . . . danger to arresting officer or the public from the suspect. . . .' United States v. Kreimes, 649 F.2d 1185, 1192 (5th Cir. 1981) (citations omitted)."
 "`Musgrove [v. State], 519 So.2d [565,] 572 [ (Ala.Crim.App.), aff'd, 519 So.2d 586 (Ala. 1986), cert. denied, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 611 (1988)]. See also Bush v. State, 523 So.2d 538
(Ala.Cr.App. 1988).'
 "C.M.B. v. State, 594 So.2d 695, 699 (Ala.Crim.App. 1991) (emphasis added [in Court of Criminal Appeals' unpublished memorandum]). Furthermore, an officer's belief that a suspect is carrying a weapon is a factor that may be considered in determining whether exigent circumstances exist for the purpose of making a warrantless entry. Id.
 "In this case, Watkins had responded to a report that shots had been fired. When he arrived, [Moffitt] fled, and another person stated that [Moffitt] was armed with a gun. [Moffitt] entered an apartment, and Watkins, who was in hot pursuit of [Moffitt], subsequently entered the apartment. Therefore, both probable cause and exigent circumstances existed to justify Watkins's warrantless entry into the apartment to search for [Moffitt]."
Viewing the evidence at the time of the incident in question rather than with the benefit of hindsight, I conclude that the police officer did not know when he pursued Moffitt whether he was faced with a menacing or a reckless endangerment (both misdemeanors) or with an attempted murder (a felony). Moffitt's flight from the scene when the police officer arrived was evidence indicating that he had committed some offense. Officer Watkins was informed that Moffitt had a gun, so he had reason to believe he was dangerous. As he was being chased by Watkins, Moffitt entered an apartment. Before he entered, Officer Watkins could not know who might be inside and what Moffitt might do to anyone who was inside. Officer Watkins's warrantless entry into the apartment was justifiable and lawful. Once he was inside and saw contraband in "plain view," his seizure of it was lawful. I would quash the *Page 536 
writ of certiorari. Therefore, I must dissent.