The appellant, John Douglas Cotton, was convicted on two counts of attempted murder in the Circuit Court for Montgomery County. He was sentenced to concurrent terms of 25 years in prison on each count. The appellant now raises eight issues on appeal.
The state's evidence tended to show that on the night of April 4, 1992, the appellant shot the victim, Clark Stankoski, in the chest with a .22 caliber handgun. The bullet entered the victim's chest, splitting into two fragments as it shattered one of his ribs. One fragment punctured the victim's lung and the other fragment punctured his diaphragm. Clark Stankoski testified that he has only half use of one of his lungs as a result of the gunshot wound and that the condition is permanent.
Anita Talley testified that on the night of the shooting, she and Deborah Price were driving on Dexter Avenue in downtown Montgomery when they saw what appeared to be a female standing on the street by her car that had, Talley thought at the time, a flat tire. She testified that when she and Price stopped to see if they could help, they realized that the person was actually a man, whom she identified as the appellant. She testified that the appellant made lewd gestures at them so they drove away. The appellant got into his car and followed. Price and Talley attempted to elude the appellant but were unsuccessful. They noticed two friends, Clark Stankoski and William Davis, driving down the road, stopped them and told them about the appellant. Price and Talley drove to a gasoline service station followed by Clark Stankoski and William Davis. The appellant drove in behind them. Stankoski and Davis asked the appellant what he was doing. The appellant did not respond and left the service station.
William Davis testified that when he and Clark Stankoski left the service station, they drove up alongside the appellant's automobile at a stop light. Davis testified that when the light turned green, the appellant followed them and started firing a gun at them as he *Page 579 
followed them down the highway. Davis further testified that he and Stankoski attempted to elude the appellant by driving to a fire station. Davis escaped by running into the fire station, but Stankoski was shot as he hid in the back seat of Davis's jeep. The appellant fled after the shooting.
Later that night, Deborah Price, Anita Talley, and William Davis were asked to identify a person who matched the description they had given the police. All three identified the appellant as the man who had followed them, and William Davis identified him as the man who shot Clark Stankoski. Later, Clark Stankoski identified the appellant from police photographs as the man who had shot him.
The police found the appellant passed out in his automobile in front of his business. A .22 caliber handgun was lying on the driver's side dashboard of the appellant's automobile.
 I
The appellant initially contends that his trial counsel's performance was ineffective.
The appellant preserved this issue for review in his motion for a new trial. In support of his ineffectiveness claim, the appellant argued in that motion that his counsel:
 1. Did not question one of his witnesses, Denise Cardin, concerning the symptoms of post traumatic stress disorder;
 2. Failed to introduce evidence to counter the testimony of Dr. Karl Kirkland concerning his evaluation of the appellant; and
 3. Failed to address adequately the issue of post traumatic stress disorder as a defense.
The test of effective assistance of counsel presently applied is "reasonably effective representation." Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). The appellant must show that counsel's performance was deficient and that this deficiency prejudiced him in some way.Strickland. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690,104 S.Ct. at 2066.
The petitioner first contends that his counsel was ineffective in not questioning one of his witnesses, Denise Cardin, about the symptoms of post traumatic stress disorder. The appellant's contention, however, is not supported by the record. A review of the record shows that counsel asked Denise Cardin the following question:
 "Q. Mr. Law: [Appellant's Counsel] Would you tell the jury briefly what post traumatic stress disorder is and what it entails and what the symptoms might be?"
A further review of the record reveals that the witness answered at great length about post traumatic stress disorder. She discussed the disorder and the symptoms generally, and how they pertained to the appellant.
The appellant next contends that his counsel failed to introduce evidence to rebut the testimony of Dr. Karl Kirkland, a state-appointed psychologist, who had performed a psychological evaluation of the appellant. Dr. Kirkland testified that the appellant exhibited symptoms consistent with someone who was drunk rather than someone who was suffering from post traumatic stress disorder. The record does not support the appellant's contention. The record shows that the appellant's counsel cross-examined Dr. Kirkland extensively regarding his training and experience dealing with individuals suffering from post traumatic stress disorder. Furthermore, the appellant's counsel recalled Denise Cardin to rebut the portions of Dr. Kirkland's testimony that were aimed at countering her original testimony. There was no violation ofStrickland here.
The appellant next contends that his trial counsel failed to adequately present post traumatic stress disorder as a defense. This decision involved trial strategy. "The mere difference of opinion between the Petitioner and his counsel as to trial tactics and procedure . . . [is] insufficient to grant [relief]." Stone v. State, 579 So.2d 702, 703
(Ala.Cr.App. 1991). After reviewing the entire record, we find that, in light of the overwhelming evidence against the appellant, his counsel's performance at trial was not ineffective. *Page 580 
See Hutchins v. State, 568 So.2d 395 (Ala.Cr.App. 1990) (choosing to rely on the defense of consent instead of mental disease or defect defense did not show that trial counsel was deficient).
The appellant also contends that his trial counsel's performance was deficient in other areas; however, he has failed to preserve these issues for our review because he did not include them in his motion for a new trial. "A reviewing court cannot predicate error on matters not shown by the record." Gibson v. State, 555 So.2d 784, 791 (Ala.Cr.App. 1989).
The trial court did not err in denying the appellant's motion for a new trial on the basis that his counsel's performance was ineffective. The record does not support the appellant's contention that his trial counsel's performance was ineffective. He was adequately represented.
 II
The appellant next contends that the trial court erred in denying his motion for a new trial, because, he says, the state violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), by failing to produce a report from the Alabama Department of Forensic Sciences concerning a .22 caliber bullet given to the department by the police in connection with the appellant's case. He contends that this report was exculpatory in that it could have proved that his gun was not used in the shooting.
A review of the record shows that the appellant has failed to present any evidence to suggest that the department received a bullet connected with the shooting incident involving the appellant. The record does include an affidavit from the appellant in which he states that his former appointed counsel, Mr. J. Eldridge Holt, had spoken with someone at the forensics lab regarding a bullet that the state had submitted in connection with the shooting incident involving the appellant. However, there is nothing in the record, other than the affidavit, to support this contention.
Based upon the record, we conclude that no Brady violation has occurred. There is nothing in the record beyond the appellant's affidavit that shows that a bullet was submitted to the department of forensic sciences in connection with the appellant's cause.
The appellant also contends that the state violatedBrady in two other respects. First, he contends that the state failed to provide him with the gun seized from him or with any ballistic reports relating to the gun. Second, he contends that the state failed to provide the radio logs of the police officers who saw the appellant prior to his arrest. A review of the record shows that these contentions were not presented to the trial court in the appellant's motion for a new trial. Only the contention regarding the bullet was raised in the appellant's motion for a new trial. Because the appellant did not raise these issues in the trial court, we will not consider this issue for the first time on appeal. This court is an appellate court only. Saffold v. State, 627 So.2d 1107
(Ala.Cr.App. 1993); Trawick v. State, 431 So.2d 574
(Ala.Cr.App. 1983). The trial court did not err in denying the appellants motion for a new trial, based on an alleged Brady
violation.
 III
The appellant next contends that the jury erred in failing to find that he was suffering from a mental defect at the time of the shooting. Specifically, he argues that he presented the only credible evidence in regards to his sanity, and that, therefore, the jury erred in not finding him not guilty by reason of mental disease or defect.
 " 'Under the issue of 'not guilty by reason of insanity' and where evidence pro and con was introduced, a jury question was presented and the trial court correctly submitted the question to the jury. Anderson v. State, 209 Ala. 36, 95 So. 171 [1922]; Aaron v. State, 271 Ala. 70, 122 So.2d 360 [1960].' Nichols [v. State], 276 Ala. [209] at 213, 160 So.2d [619] at 621 [1964]. See also Thompson v. State, 462 So.2d 753
(Ala.Cr.App. 1984)."
Flenory v. State, 588 So.2d 940, 942 (Ala.Cr.App. 1991). The issue whether the appellant was suffering from a mental disease or defect at the time of the incident was a question of *Page 581 
fact for the jury to resolve. We will not substitute our judgment for that of the jury. O'Neil v. State, 605 So.2d 1247
(Ala.Cr.App. 1992).
 IV
The appellant contends that trial court erred in denying his motion for a new trial, because, he argues, he was denied his right to a fair trial because of juror misconduct. Specifically, he argues that members of the jury slept during the testimony of his expert witness, Denise Cardin. The record shows one instance where the trial judge asked one juror to make sure another juror was awake during his oral charge to the jury. No objection was raised in the trial court. " 'Whether alleged juror misconduct has resulted in an impartial trial is to be determined by the trial judge and his decision will be reversed only for clear abuse of discretion.' Hartley v. State,516 So.2d 802, 805 (Ala.Cr.App. 1986)." Robinson v. State,621 So.2d 389, 393 (Ala.Cr.App. 1993). The record is clear that the trial judge did not abuse his discretion.
 V
The appellant contends that the state failed to prove the chain of custody of the weapon.
A review of the record shows that the appellant has failed to preserve this issue for review. The record shows that the appellant made the following objection when the weapon was received into evidence:
 "Mr. Law: [appellant's counsel] Judge, I object. And I think the court knows my grounds.
"The Court: No, I don't know your grounds.
 "Mr. Law: There has been testimony there was four casings and a live round. And that exhibit there has three casings and a live round.
 "The Court: That's a matter for the jury to resolve. I will admit the exhibit."
The record is clear that the appellant did not object to the chain of custody. As the judge demonstrated by his response, the appellant's objection attacked the credibility of the evidence and not the chain of custody.
It is a settled rule of law that an appellant is bound by the grounds of objection raised at trial and cannot assert new grounds on appeal. Leonard v. State, 551 So.2d 1143
(Ala.Cr.App. 1989). Furthermore, once the appellant has objected on one ground, he waives all other grounds. "The trial court cannot be placed in error on grounds not asserted. . . . The court was required to pass only upon the ground of the objection specified by the appellant and those not announced are waived." Johnson v. State, 421 So.2d 1306, 1311
(Ala.Cr.App. 1982). (Citation omitted.)
Therefore, this issue has not been preserved for our review.
 VI
The appellant raises three other issues for our review. The appellant contends that the sentencing procedure violated his constitutional rights, that he was deprived of a fair trial because of prosecutorial misconduct, and that his due process rights were violated by the identification procedure used by the police officers.
Our review of the record shows that these issues are raised for the first time on appeal. This is an appellate court only.Saffold v. State, 627 So.2d 1107 (Ala.Cr.App. 1993); Trawick v.State, 431 So.2d 574 (Ala.Cr.App. 1983). We cannot consider matters that have not first been presented to the trial court.Harris v. State, 420 So.2d 812 (Ala.Cr.App. 1982).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 582