The appellant, Robert Lavaile Fox, was convicted of reckless murder, a violation of § 13A-6-2(a)(2), Code of Alabama 1975, and of first degree assault, a violation of § 13A-6-20, Code of Alabama 1975. He was sentenced to life imprisonment and one year in prison, respectively.
Although the notice of appeal in this case was filed on October 18, 1993, the completed record was not filed until April 23, 1994. The last brief was filed on July 1, 1994, and we are now issuing this opinion on September 30, 1994. By the time the case was "submitted" to this court, i.e., July 1, 1994, the existing 280-day time standard from the filing of the notice of appeal to the release of the opinion had already been exceeded.
The state's evidence tended to show that in the early morning of October 26, 1992, gunshots were fired through a window at Taimichael Glanton's house. One bullet struck Glanton in the finger; another bullet struck Denise Jones in the head, and she died as a result of the wound she suffered.
 I
The appellant contends that the trial court erred in finding that reckless murder, as defined in § 13A-6-2(a)(2), Code of Alabama 1975, was a lesser included offense of intentional murder, as defined in § 13A-6-2(a)(1), and in giving the jury an instruction on reckless murder.
The appellant was charged with murder made capital because the murder was committed by the use of a deadly weapon fired from outside the dwelling while the victim was inside the dwelling. See § 13A-5-40(a)(16), Code of Alabama. The record reveals that the trial court in its jury instruction stated:
 ". . . Although not spelled out here in the indictment, you should know that the defendant, Robert Fox, is charged by operation of the law with a lesser included offense, in the capital murder case, of reckless murder; felony murder. . . ."
The court explained the components of the capital offense as set out in § 13A-5-40(a)(16), as well as the lesser included offenses of reckless murder § 13A-6-2(a)(2) and felony murder §13A-6-2(a)(3). The appellant does not raise the issue of whether the instruction on felony murder should have been given to the jury. The appellant notes that "since the jury did not see fit to find the defendant guilty of felony-murder, the error was harmless." Therefore, the only issue that we will address is whether reckless murder is a lesser included offense of murder made capital pursuant to § 13A-5-40(a)(16).
In Ingram v. State, 570 So.2d 835, 837 (Ala.Cr.App. 1990), Judge Bowen, writing for the majority, stated:
 "In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also be considered in light of the particular facts of each case."
(Emphasis in original.) Whether a crime is a lesser offense of another crime is necessarily decided on a "case-by-case basis."Aucoin v. State, 548 So.2d 1053, 1057 (Ala.Cr.App. 1989).
We are aware that in Ex parte Washington, 448 So.2d 404
(Ala. 1984), the Alabama Supreme Court held as follows:
 "Section 13A-6-2(a)(2) [reckless murder] requires a showing that the defendant's conduct was directed at human life in general as opposed to a particular individual. This additional difference between the offense he was indicted for, intentional murder, and universal malice murder precludes the latter from being an included offense, since it can be established only by *Page 212 
a showing of facts not required in order to be convicted of intentional murder under § 13A-6-2(a)(1)."
(Emphasis added.)
Here, however, the appellant was indicted for murder made capital because the victim was killed while in a dwelling by a deadly weapon fired from outside the dwelling, a violation of § 13A-5-40(a)(16), not for intentional murder under §13A-6-2(a)(1) as was the case in Washington.
Section 13A-5-40(b), which defines capital murder, provides as follows:
 "Except as specifically provided to the contrary in the last part of subdivision [§ 13A-5-40](a)(13) of this section, the terms 'murder' and 'murder by the defendant' as used in this section to define capital offenses mean murder as defined in Section 13A-6-2(a)(1), but not as defined in Section 13A-6-2(a)(2) and (3). Subject to the provisions of Section 13A-5-41, murder as defined in Section 13A-6-2(a)(2) and (3), as well as murder as defined in Section 13A-6-2(a)(1), may be a lesser included offense of the capital offenses defined in subsection (a) of this section."
(Emphasis added.)
Section 13A-5-41, provides:
 "Subject to the provisions of Section 13A-1-9(b), the jury may find a defendant indicted for a crime defined in Section 13A-5-40(a) not guilty of the capital offense but guilty of a lesser included offense or offenses. Lesser included offenses shall be defined as provided in Section 13A-1-9(a), and when there is a rational basis for such a verdict, include but are not limited to, murder as defined in Section 13A-6-2(a), and the accompanying other felony, if any, in the provisions of Section 13A-5-40(a) upon which the indictment is based."
It appears that the legislature intended that § 13A-6-2(a)(2) be a lesser included offense of capital murder as defined in §13A-5-40(a)(16).
In this case, approximately five gunshots were fired into Taimichael Glanton's house through an exterior window. One shot struck Glanton in the finger and another shot fatally wounded Denise Jones. There was testimony by police officers that evidence linking the appellant to the shooting was found near the appellant's car, in the appellant's house, and at the scene of the crime.
Based on the Code of Alabama, and the facts surrounding this case, reckless murder under § 13A-6-2(a)(2) is a lesser included offense of capital murder under § 13A-5-40(a)(16); the trial court did not err in giving jury instructions in this regard.
 II
The appellant next contends that the court erred in refusing his requested jury instruction on reckless manslaughter.
The record indicates that the defense counsel requested a jury charge on reckless manslaughter. The trial court refused to give the charge stating: "There's no evidence . . . from which the jury could reasonably conclude that." The court erred in failing to instruct the jury on the lesser included offense of reckless manslaughter. See Anderson v. State, 507 So.2d 580
(Ala.Cr.App. 1987), in which Judge Patterson, writing for the majority, wrote:
 "A person accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Chavers v. State, 361 So.2d 1106
(Ala. 1978); Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973); Wiggins v. State, 491 So.2d 1046
(Ala.Cr.App. 1986); Wilkerson v. State, 486 So.2d 509 (Ala.Cr.App. 1986). A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279, cert. denied, 278 Ala. 710, 180 So.2d 282 (1965). Every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in *Page 213 
credibility. Ex parte Stork, 475 So.2d 623
(Ala. 1985); Chavers v. State, supra; Burns v. State, 229 Ala. 68, 155 So. 561 (1934). Section 13A-1-9(b) provides, 'The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.'
 " 'The "safer" practice is to charge upon all degrees of homicide: "(I)t is much the safer rule to charge upon all the degrees of homicide included in the indictment, when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree." Pierson v. State, 99 Ala. 148, 153, 13 So. 550 (1892), approved in Williams v. State, 251 Ala. 397, 399, 39 So.2d 37 (1948).'
 "Phelps v. State, 435 So.2d 158, 163
(Ala.Cr.App. 1983).
 "In relevant part, § 13A-6-3 provides as follows:
 " '(a) A person commits the crime of manslaughter if:
 " '(1) He recklessly causes the death of another person.'
". . . .
 "After reviewing the evidence presented to the jury in the case, we conclude that the trial court committed error prejudicial to appellant in not instructing the jury on the lesser included offense of manslaughter. There was evidence, if believed by the jury, to support a reasonable theory that appellant's conduct in bringing about the victim's death was 'reckless' and, therefore, a charge under § 13A-6-3(a)(1) would have been appropriate."
507 So.2d at 582-83.
The strongest evidence that supports an instruction on manslaughter is the fact that the jury specifically found the appellant guilty of "reckless murder," § 13A-6-2(a)(2), which requires a similar mental state to the offense of "reckless manslaughter." § 13A-6-3(a)(1). See McLaughlin v. State,586 So.2d 267 (Ala.Cr.App. 1991).
We hold that the court erred in refusing to give the appellant's requested instruction on reckless manslaughter. For the foregoing reasons, the judgment is due to be reversed.
We will address the remaining issues raised by the appellant.
 III
The appellant also contends that the court erred in denying his requested instruction on criminally negligent homicide.
 "This court has recently addressed the situation in which an instruction on criminally negligent homicide is required, as follows:
 " 'An instruction on criminally negligent homicide is proper only where the victim's death was caused by the defendant's inadvertent creation and subsequent disregard of a risk of harm of which he should have been aware, but which in fact he was not aware of. Weems v. State, 463 So.2d 170 (Ala. 1984); Phelps v. State, 435 So.2d 158 (Ala.Cr.App. 1983); Model Penal Code and Commentaries § 210.04, Comment 1. To warrant the giving of such an instruction there must be some evidence that the defendant was not aware of the risk he was creating. Wakefield v. State, 447 So.2d 1325 (Ala.Cr.App. 1983); § 13A-2-2, Code of Alabama 1975.'
 "Wiggins v. State, 491 So.2d 1046, 1048
(Ala.Cr.App. 1986).
 " 'Any contention that the death was accidental "ignores the nature of the enterprise that the defendant . . . [was] engaged in." Sanders v. State, 16 Ala. App. 511, 513, 79 So. 504 (1918). In the opinion of this Court there was no rational
basis for a verdict of criminally negligent homicide. Wesley v. State, 424 So.2d 648, 652
(Ala.Crim.App. 1982).' Phelps v. State, 435 So.2d 158, 165 (Ala.Cr.App. 1983)."
Lovell v. State, 521 So.2d 1346, 1351 (Ala.Cr.App. 1987) (emphasis in original).
The court committed no error in refusing to instruct the jury on criminally negligent homicide because the evidence did not support such an instruction. *Page 214 
 IV
The appellant next asserts that the trial court erred in denying his motion to suppress his confession. Specifically, he contends that the confession was involuntary because, he says, it was based on promises, inducements, representations, and the deceitful conduct of the police officers that questioned him.
"All extra-judicial statements are deemed involuntary."Smith v. State, 623 So.2d 369, 372 (Ala.Cr.App. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 650, 126 L.Ed.2d 607 (1993). See also Mitchell v. State, 508 So.2d 1196 (Ala.Cr.App. 1986). Before an accused's confession may be received into evidence, the state has the burden of showing that the statement was voluntary, and that the accused was read his Miranda[1] right and waived them. Whitlow v. State, 509 So.2d 252 (Ala.Cr.App. 1987);Malone v. State, 452 So.2d 1386 (Ala.Cr.App. 1984).
Officer Mimi Moorer of the Birmingham Police Department testified that when the appellant was brought to the police station she advised the appellant of his Miranda rights. After being advised of his rights the appellant did not say anything. About 4 hours later Officer Moorer and Detective Fowler went to speak with the appellant. Officer Moorer testified that she again read the appellant his Miranda rights and the appellant said that he wanted to speak with the officers but that he would not sign a waiver form. Officer Moorer also testified at the suppression hearing that the appellant was not threatened, coerced or promised anything in order to make a statement. During the questioning, the appellant confessed to firing seven or eight shots into Taimichael Glanton's house.
The appellant contended at the suppression hearing that he was not read his Miranda rights before the second questioning and that the first time he was read his rights he waived them. The appellant also testified that he spoke to Officer Moorer and Detective Fowler because they inferred that they were not concerned with the assault on Taimichael Glanton and that Denise Jones was still alive.
The " '[w]eight and credibility to be attached to the testimony of witnesses at a suppression hearing is a question for the trial judge.' Kitchens v. State, 445 So.2d 1000, 1002
(Ala.Cr.App. 1984)." Jackson v. State, 589 So.2d 781, 784
(Ala.Cr.App. 1991). The trial court obviously found the testimony of Officer Moorer concerning whether the appellant was given his Miranda rights to be more credible than the appellant's. Its ruling in this regard is supported by the record.
Next, we turn to the question whether the appellant's statement was voluntary. The court concluded that the officers offered no inducements and did not coerce the appellant into making a statement. The court made the following findings:
 "THE COURT: I have heard the testimony in this case and I find that no inducement or coercions were made. In fact, this defendant testified that he requested Detective Fowler to make a phone call and ascertain the condition of the person who turned out to be the decedent in this case, the alleged victim. He further testified that as a result of the detective finding out, according to him and his lawyer, he felt some obligation to make a statement. He further said that the fact that the person who is the alleged victim in the attempted murder charge, the fact that the officer said they were not concerned with him, they were more concerned with the girl, that he took that as an inducement. None of that is well taken. This court finds that any statement made by this defendant was made of his own free will and voluntarily."
This court in Whittle v. State, 518 So.2d 793, 796
(Ala.Cr.App. 1987), restated the standards for appellate review of a trial judge's determination of the admissibility of a confession:
 " ' "(1) The test for voluntariness involves a consideration of the totality of the circumstances. Haynes v. Washington, 373 U.S. 503, 513-14, 83 S.Ct. 1336, 1342-43, 10 L.Ed.2d 513
(1963). (2) 'The admissibility of confessions is for the court, their credibility *Page 215 
is for the jury.' Phillips v. State, 248 Ala. 510, 520, 28 So.2d 542 (1946). (3) Where the voluntariness inquiry presents conflicting evidence and the trial judge finds that the confession was voluntarily made, great weight must be given his judgment. '(W)here there is a genuine conflict of evidence great reliance must be placed upon the finder of fact.' Blackburn v. Alabama, 361 U.S. 199, 208, 80 S.Ct. 274, 281, 4 L.Ed.2d 242 (1960). (4) This finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the great weight of the evidence and manifestly wrong. Harris v. State, 280 Ala. 468, 470-71, 195 So.2d 521 (1967). (5) Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial court need only be supported by substantial evidence and not to a moral certainty. Thompson v. State, 347 So.2d 1371, 1375 (Ala.Cr.App.), cert. denied, 347 So.2d 1377 (Ala. 1977), and cases cited therein. 'Review of the court's action is limited to determining whether its finding was clearly erroneous.' United States v. Greer, 566 F.2d 472, 473 (5th Cir. 1978)." ' "
Quoting, Musgrove v. State, 519 So.2d 565, 576 (Ala.Cr.App.), aff'd, 519 So.2d 586 (Ala. 1986), cert. denied, 486 U.S. 1036,108 S.Ct. 2024, 100 L.Ed.2d 611 (1988), quoting Williams v.State, 461 So.2d 834, 838 (Ala.Cr.App. 1983), rev'd on other grounds, 461 So.2d 852 (Ala. 1984).
Any conflicting evidence presented at the suppression hearing on the issue of the voluntariness of the appellant's statement was for the finder of fact, the trial court, to resolve. The court's ruling that the statement was voluntary is not "[p]alpably contrary to the great weight of the evidence. . . ." Whittle, 518 So.2d at 796. The court did not err in receiving the appellant's confession into evidence.
For the reasons stated in Part II of this opinion, the judgment is reversed and the cause remanded to the Circuit Court for Jefferson County.
REVERSED AND REMANDED.
All the Judges concur.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).