ON APPLICATION FOR REHEARING
The opinion issued in this case on February 11, 1994, is hereby withdrawn and the following opinion is substituted therefor.
The appellant, Eric Eugene Howell, was convicted of attempted rape and attempted sodomy in violation of §§ 13A-4-2, 13A-6-61, and 13A-6-63, Code of Alabama 1975. He was sentenced as a habitual felony offender to 10 years' imprisonment on each conviction, those sentences to run concurrently.
The evidence presented by the state tended to show that on the morning of August 17, 1992, the appellant forced his way into the victim's house and attacked her. The appellant picked the victim up and carried her to her bedroom. The victim was screaming and kicking. When the victim screamed, the appellant would choke her and attempt to smother her. He tore her nightgown off and her underwear. He sat on her shoulders, unzipped his pants, and pulled his penis out in front of her face. He told the victim to touch his penis. The victim was able to get out from under the appellant and convince him to leave.
 I
The appellant contends that the court erred in denying his motion for a judgment of acquittal based on the state's failure to present a prima facie case of attempted rape and attempted sodomy.
Section 13A-4-2, Code of Alabama 1975, provides, "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." A man commits the offense of rape when he engages in sexual intercourse with a woman by forcible compulsion. § 13A-6-61. A person commits the offense of sodomy when he engages in deviate sexual intercourse with another person by forcible compulsion. § 13A-6-63. Deviate sexual intercourse is defined as "[a]ny act of sexual gratification . . . involving the sex organs of one person and the mouth or anus of another." § 13A-6-60(2).
"When reviewing a sufficiency claim, we must view the evidence in the light most favorable to the state and we can not substitute our judgment for that of the jury." Wells v.State, 619 So.2d 228, 230 (Ala.Cr.App. 1993). The appellant's intent at the time of the offense is a matter for the jury's determination. Downing v. State, 620 So.2d 983
(Ala.Cr.App. 1993). Based on the evidence presented at trial that the appellant tore the victim's nightgown off her body, removed her underwear, pinned her down, and put his penis in her face, the jury could reasonably conclude that the appellant intended to rape and sodomize the victim.
 II
The appellant contends that the circuit court erred in denying his motion for a mistrial. Specifically, the appellant contends it was error to allow the state to question a defense witness about an arrest of the appellant in a case in which he had been granted youthful offender status. The state questioned a defense witness about her knowledge of the appellant's previous arrest for burglary. The appellant was treated as youthful offender for that offense. The appellant did not object to the questions concerning the burglary on the grounds that he had been treated as a youthful offender for that offense. The appellant objected stating that the prosecutor was improperly impeaching a character witness. "The statement of *Page 134 
specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882
(Ala. 1987).
The following excerpt from the transcript contains the appellant's only objection based on youthful offender status:
 "Q [by prosecutor:] Are you aware that in January of 1976, he was convicted of embezzlement?
 "MS. WATSON [defense counsel]: Judge, I object. That's a Y.O.A. [Youthful Offender Act] offense.
 "THE COURT: Overruled. You're talking about character, Miss Watson. Overruled."
The appellant, however, had not been granted youthful offender status on the embezzlement charge. The appellant was convicted as an adult for embezzlement. The state failed to point out that fact to the trial court and further failed to argue that point on direct appeal. The first indication that the embezzlement offense had not been treated as a youthful offender offense was in the state's application to this court for rehearing.
Furthermore, a review of the record reveals that the appellant pleaded guilty to embezzlement on March 21, 1977, not in January 1976 as the state indicated during questioning. The certified copy of the plea form showing that the appellant pleaded guilty to the offense of embezzlement did not conclusively show that he did not receive youthful offender treatment at sentencing. We requested clarification on this issue from the Circuit Court for Montgomery County and we were provided a certified copy of a docket sheet, which revealed that the appellant was not treated as a youthful offender on the embezzlement offense.
Had the appellant been granted youthful offender status for the embezzlement offense, the court's ruling would have been in error.
 "The general rule is that a witness's prior record of a juvenile court judgment cannot be used to impeach his credibility. C. Gamble, McElroy's Alabama Evidence, Section 145.01(4) (3rd ed. 1977). Annot. 63 A.L.R.3d 1112 (1975). Nor may an adjudication as a youthful offender be used to impeach a witness's credibility. See Word v. State, 424 So.2d 1374 (Ala.Cr.App. 1982); Daniels v. State, 375 So.2d 523 (Ala.Cr.App. 1979); McElroy, Section 145.01(4) (Supp. 1980)."
Thomas v. State, 445 So.2d 992, 994 (Ala.Cr.App. 1984); see also § 15-19-7(a), Code of Alabama 1975.
"However, we will affirm a lower court if the court's ruling is correct for any reason, even if the lower court based its ruling on a wrong reason." Kilgore v. State, 643 So.2d 1015,1018 (Ala.Cr.App. 1993). Because the appellant was not treated as a youthful offender on the embezzlement charge, it was not error to allow the state to impeach the credibility of a defense character witness by inquiring about the witness's knowledge of the appellant's prior criminal conviction.
 III
The appellant also contends that the court erred in making a particular comment in the presence of the jury. In response to a suggestion by the appellant's attorney that a male rape kit should be received into evidence, the court responded, "There was no rape. There was an attempted rape." The appellant did not object to the court's statement. We cannot consider a matter presented for the first time on appeal. Cotton v. State,639 So.2d 577 (Ala.Cr.App. 1993).
Additionally, the appellant contends that the jury verdict form was "confusing, incomplete and prejudicial." The appellant did not object to the verdict form at trial; thus, this issue was also not preserved for appellate review. Cotton.
For the foregoing reasons, the appellant's conviction is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; 39(k) MOTION DENIED; AFFIRMED.
All the Judges concur. *Page 135