Eddie Doan was indicted for discharging a firearm into an occupied automobile, a violation of § 13A-11-61, Ala. Code 1975. He was convicted of discharging a firearm into an unoccupied automobile, also a violation of § 13A-11-61, Ala. Code 1975. Pursuant to the Habitual Felony Offender Act, he was sentenced to 15 years' imprisonment.
 I.
Doan contends that the trial court erred in instructing the jury that discharging a firearm into an unoccupied automobile is a lesser offense included in the offense of discharging a firearm into an occupied automobile. Specifically, Doan contends that discharging a firearm into an unoccupied automobile is not a lesser-included offense of discharging a firearm into an occupied automobile and that the trial court's instructions to the contrary effectively amended the indictment to charge a different offense. Because discharging a firearm into an unoccupied automobile was not charged in his indictment, Doan argues, the trial court did not have jurisdiction to adjudge him guilty of that offense.
The indictment charging Doan with discharging a firearm into an occupied automobile reads as follows:
 "The Grand Jury of said County charge that, before the finding of this indictment, Eddie Doan, whose name is otherwise unknown to the Grand Jury, did shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile, to-wit: a gun, into a dwelling, building, railroad locomotive, railroad car, aircraft, automobile, truck or watercraft, to-wit: an automobile while said automobile was occupied by Janet Streety, in violation of Section 13A-11-61 of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 5.) During its oral charge, the trial court instructed the jury, in pertinent part, as follows:
 "Ladies and gentlemen, in this case, as you know, this defendant is charged with the offense of discharging a weapon into an occupied vehicle. This is what the law says about that offense.
 "A person commits the crime of discharging a firearm into an occupied vehicle or automobile if he discharges a firearm which discharges a dangerous projectile into an automobile. Therefore, in order to convict, the State must prove the following elements beyond a reasonable doubt: That the defendant did shoot or discharge a firearm. And by that I mean a firearm which discharges a dangerous projectile. Number two, that it went into an occupied vehicle or automobile. In this case, it was alleged by the State the vehicle was occupied by Janet Streety. And, number three, that the defendant acted knowingly.
". . . .
 "If you find the State has proven each of these elements beyond a reasonable doubt, it would be your duty to find the defendant guilty. If you find the State has failed to prove any one or more of those elements, then you must next consider a lesser included offense in this, and that is discharging a firearm into an unoccupied vehicle, if you find from the evidence that the vehicle was unoccupied. That's the only difference in the *Page 825 
 law, whether it was occupied or unoccupied. All of the other elements and instructions that I have given you are the same."
(R. 146-48.)
The question before this Court is whether discharging a firearm into an unoccupied automobile is a lesser-included offense of the offense of discharging a firearm into an occupied automobile. Under the facts of this case, we hold that it is.
Section 13A-1-9, Ala. Code 1975, provides, in part:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
In Fox v. State, 659 So.2d 210 (Ala.Crim.App. 1994), this Court stated:
 "`In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also be considered in light of the particular facts of each case.'
 "(Emphasis in original.) Whether a crime is a lesser offense of another crime is necessarily decided on a `case-by-case basis.' Aucoin v. State, 548 So.2d 1053, 1057 (Ala.Crim.App. 1989)."
659 So.2d at 211.
Section 13A-11-61, Ala. Code 1975, provides:
 "(a) No person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft in this state.
 "(b) Any person who commits an act prohibited by subsection (a) with respect to an occupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft shall be deemed guilty of a Class B felony as defined by the state criminal code, and upon conviction, shall be punished as prescribed by law.
 "(c) Any person who commits any act prohibited by subsection (a) hereof with respect to an unoccupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft shall be deemed guilty of a Class C felony as defined by the state criminal code, and upon conviction, shall be punished as prescribed by law."
From a reading of § 13A-11-61, it appears that the Legislature intended that discharging a firearm into an unoccupied automobile be a lesser-included offense of discharging a firearm into an occupied automobile. Subsections (b) and (c) of § 13A-11-61 prescribe that discharging a firearm into an occupied automobile is a Class B felony, while discharging a firearm into an unoccupied automobile is a *Page 826 
Class C felony. The statute reflects the notion that punishment should be more severe for discharging a firearm into an occupied automobile because such an act creates a greater risk of killing or injuring a human being. See § 13A-1-9(a)(4), Ala. Code 1975. In addition, in this case, discharging a firearm into an unoccupied automobile could be established by proof of the same or fewer than all the facts required to establish the offense of discharging a firearm into an occupied automobile. See § 13A-1-9(a)(1), Ala. Code 1975. To prove the offense of discharging a firearm into an unoccupied automobile, the State had to prove only that Doan fired into an automobile; however, to prove the offense of discharging a firearm into an occupied automobile, the State had to prove the additional element that the automobile was occupied at the time that the shot was fired. Doan was charged with discharging a firearm into an automobile occupied by Janet Streety. However, the evidence was conflicting as to whether Streety was actually in the vehicle at the time of the shooting. Thus, under the facts of this case, discharging a firearm into an unoccupied automobile was a lesser-included offense of discharging a firearm into an occupied automobile. The trial court's instructions in this regard were, therefore, proper.
 II.
Doan also contends that the trial court erred in providing the jury with a verdict form that did not include the option of finding Doan not guilty of discharging a firearm into an unoccupied vehicle. However, Doan "did not object to the verdict form at trial; thus, this issue was . . . not preserved for appellate review." Howell v. State, 659 So.2d 132, 134
(Ala.Crim.App. 1994), citing Cotton v. State, 639 So.2d 577, 581
(Ala.Crim.App. 1993).
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.