MAIN, Judge.
Sean Travis Howard was charged with capital murder and was convicted of reckless murder, see § 13A-6-2(a)(2), Ala.Code 1975. The trial court sentenced him to life imprisonment and ordered him to pay court costs, restitution, and applicable fines. On appeal, Howard contends that, with regard to the trial court’s oral instructions to the jury pertaining to the charge of capital murder, the trial court erred in failing to charge the jury on manslaughter as a lesser-included offense to capital murder. Because the record in this case contains evidence that, if believed by the jury, could reasonably support a conviction for manslaughter, we conclude that the trial court erred in failing to instruct *1050 the jury on manslaughter as a lesser-included offense. We reverse and remand.
On August 5, 2007, while walking down the street with Courtney Coley, Howard stared at Stanley Jackson, and Jackson’s cousin, Javon Gray, who had arrived in Gray’s dark gray four-door vehicle at Rod Belser’s house on the corner of Honeybee Court and Briarhurst Drive in Montgomery to purchase marijuana. Howard scowled at Gray and Jackson and mumbled something in response to a statement Gray made to him. The four exchanged words about the red clothing, indicating gang membership, that Howard and Coley were wearing. Howard, Jackson, and Gray continued to engage in a verbal altercation while Gray and Jackson walked toward Belser’s house. Gray and Jackson knocked on Belser’s door, but one of the several children playing outside in the yard indicated that Belser was not at home. When Gray and Jackson headed back to their vehicle, Howard shouted at them. Gray and Jackson, who were unarmed, retorted, “ ‘F[ — ] y’all.’ ” (R. 360-61.) Howard pulled a silver .38 caliber pistol from the waistband of his pants. R.J., the victim’s brother, recalled that Howard told Coley to move and said, “ ‘I’m fixing to shoot this N[-] right here,’ ” while pointing the pistol at Gray. (R. 135-37.) Coley, who was also unarmed, tried to push Howard’s hand down, reminding Howard that children were in the vicinity. Coley continued to wrestle the gun from Howard. Several shots were fired and three-year-old S.J. was hit. Once Howard fired the first shot, Coley ran. After firing several shots, Howard ran off, and Gray and Jackson sped away in Gray’s car headed toward Jackson’s house to get a gun. The victim, S.J., was taken by ambulance to the hospital where he was pronounced dead.
According to the medical examiner, S.J., the victim, died from a single gunshot wound to the back. The medical examiner removed the projectile from the right chest wall. The forensic examiner tested the recovered projectile and determined that it was consistent with a .38 caliber bullet.
Investigator E.E. Howton, Jr., with the Montgomery Police Department searched the crime scene along with Detective G.R. Timmerman and Corporal S.E. Wilson. The officers discovered a couple of bullet holes from a .38 caliber pistol in the house located at 6065 Briarhurst Drive near where the victim was shot and several .45 caliber shell casings further down on Eric Lane.[1] They also discovered three .38 caliber shell casings near a ditch close to where the victim was found lying on the ground. The officers also recovered a single .38 caliber projectile at the corner of Honeybee Court near where the victim was shot.
The defense elicited testimony from several witnesses about the number of and description of the vehicles present, the clothing and physical attributes of the alleged perpetrators, and other surroundings at the time of the shooting. Several defense witnesses recalled other vehicles, in addition to a dark-colored four-door vehicle, at the scene. Defense witness Corporal S.E. Wilson with the Montgomery Police Department, who was the case agent assigned to this case, testified about the inconsistencies in the statements by *1051 the eyewitnesses immediately after the shooting and the trial testimony. While Corporal Wilson acknowledged that several witnesses’ statements were inconsistent with statements made by Gray, Jackson, and R.J. and with trial testimony, he stated that the officers arrested Howard, in spite of the inconsistent statements, because Gray, Jackson, and R.J. were in closer proximity to the shooting than were the defense witnesses.
During the charging conference, the trial court, after hearing argument of counsel, refused to charge the jury on manslaughter as a lesser offense, because, it determined, the charge was not warranted under the facts of the case. The following exchange occurred:
“[The Court]: It would be my intent to charge the jury on capital murder and reckless murder. I do not think the behavior, if it is to be believed, would merit less than that. So I think those would the two instructions that I am giving.
“[Defense Counsel]: Judge, for the record, we would request manslaughter as being an issue of intent, and whether or not there were multiple people that were exposed to risk of death or serious bodily harm, and that that should be a fact finding question for the jury and they should have the opportunity to consider manslaughter in this case.
“[The Court]: And I have thought about that, but I don’t think the facts merit that. So I am going to give those two instructions to the jury.
“[Defense Counsel]: Judge, if we could note our objection for the record.
“[The Court]: Sure.”
(R. 914-15.) The trial court instructed the jury on the elements of the capital offense charged, i.e., murder committed when the victim is less than 14 years of age, § 13A-5^0(a)(15), Ala.Code 1975. The trial court also instructed the jury on reckless murder as a lesser offense, i.e., murder committed with extreme indifference to human life, § 13A-6-2(a)(2), Ala.Code 1975. The issue was properly preserved for review by objection.
As this Court said in Breckenridge v. State, 628 So.2d 1012 (Ala.Crim. App.1993), regarding a defendant’s entitlement to an instruction on a lesser-included offense:
“A defendant accused of a greater offense is entitled to have the trial court charge on any lesser included offense if there is any reasonable theory from the evidence to support the lesser charge, regardless of whether the state or the defendant offers the evidence. Ex parte Pruitt, 457 So.2d 456 (Ala.1984); Parker v. State, 581 So.2d 1211 (Ala.Cr.App. 1990), cert. denied, 581 So.2d 1216 (Ala. 1991). A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury. Anderson v. State, 507 So.2d 580 (Ala.Cr.App.1987). ‘“[E]very accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.” ’ Ex parte Stork, 475 So.2d 623, 625 (Ala. 1985) (quoting Ex parte Chavers, 361 So.2d 1106, 1107 (Ala.1978)). Section 13A-1-9(b)[, Ala.Code 1975,] provides, ‘The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.’ ”
*1052 628 So.2d at 1016. Although the better practice is to charge on all lesser offenses supported by the evidence, if “ ““ “it is perfectly clear to the judicial mind that there is no evidence tending to” ”” ” support the lesser offense, Fox v. State, 659 So.2d 210, 213 (Ala.Crim.App.1994), quoting Anderson v. State, 507 So.2d 580, 583 (Ala.Crim.App.1987), quoting in turn other cases, then the trial court cannot be put in error for not charging the jury on the lesser offense.
We address whether there was any evidence to support a reasonable theory by which Howard could have been found guilty of manslaughter. Allen v. State, 546 So.2d 1009 (Ala.Crim.App.1988). Howard was charged with murder made capital pursuant to § 13A-5-40(a)(15), Ala.Code 1975, because the victim was under 14 years of age. Section 13A-5-40(b), which defines capital murder, provides as follows:
“Except as specifically provided to the contrary in the last part of subdivision (a)(13) of this section [§ 13A-5^40], the terms ‘murder’ and ‘murder by the defendant’ as used in this section to define capital offenses mean murder as defined in Section 13A-6-2(a)(l), but not as defined in Section 13A-6-2 (a)(2) and (3). Subject to the provisions of Section 13A-5-41, murder as defined in Section 13A-6-2(a)(2) and (3), as well as murder as defined in Section 13A-6-2(a)(l), may be a lesser included offense of the capital offenses defined in subsection (a) of this section.”
Section 13A-5-41 provides:
“Subject to the provisions of Section 13A-l-9(b), the jury may find a defendant indicted for a crime defined in Section 13A-5-40(a) not guilty of the capital offense but guilty of a lesser included offense or offenses. Lesser included offenses shall be defined as provided in Section 13A-l-9(a), and when there is a rational basis for such a verdict, include but are not limited to, murder as defined in Section 13A-6-2(a), and the accompanying other felony, if any, in the provisions of Section 13A-5-40(a) upon which the indictment is based.”
Reckless murder is a lesser-included offense of capital murder as defined in § 13A-5^10(a)(15). See, e.g., Fox v. State, supra. “Under Alabama law an accidental killing may support a conviction for murder, manslaughter, or negligent homicide, depending on the circumstances of the case.” Ex parte Weems, 463 So.2d 170, 172 (Ala.1984). “ ‘One who intentionally draws a gun in response to or in anticipation of a confrontation with another is certainly aware of the risk that the gun might discharge; therefore, he cannot be guilty of mere criminal negligence. [He can be] guilty of either murder or manslaughter or ... guilty of nothing at all.’ ” Bunn v. State, 581 So.2d 559, 561 (Ala.Crim.App.1991), quoting Robinson v. State, 441 So.2d 1045, 1047 (Ala.Crim.App. 1983).
The jury convicted Howard of reckless murder pursuant to § 13A-6-2(a)(2), Ala. Code 1975, which states, in pertinent part:
“(a) A person commits the crime of murder if he or she does any of the following:
[[Image here]]
“(2) Under circumstances manifesting extreme indifference to human life, he or she recklessly engages in conduct which creates a grave risk of death to a person other than himself or herself, and thereby causes the death of another person.
In the alternative, “[a] person commits the crime of manslaughter if he recklessly causes the death of another person.” § 13A-6-3(a)(l), Ala.Code 1975. Section 13A-2-2(3), Ala.Code 1975, defining “recklessly,” provides:
*1053 “A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.”
In Ex parte Weems, supra, the Alabama Supreme Court explained the difference between the degree of recklessness that constitutes murder and the degree of recklessness that constitutes manslaughter as follows:
“Alabama’s homicide statutes were derived from the Model Penal Code. In providing that homicide committed ‘recklessly under circumstances manifesting extreme indifference to human life’ constitutes murder, the drafters of the model code were attempting to define a degree of recklessness ‘that cannot be fairly distinguished from homicides committed purposely or knowingly.’ Model Penal Code and Commentaries, § 210.02, Comment, 4 (1980). That standard was designed to encompass the category of murder traditionally referred to as ‘depraved heart’ or ‘universal malice’ killings. Examples of such acts include shooting into an occupied house or into a moving automobile or piloting a speedboat through a group of swimmers. See LaFave & Scott, Criminal Law, § 70 (1972).
“Recklessly causing another’s death may give rise to the lesser included offense of manslaughter. A defendant who recklessly causes another’s death commits manslaughter if he ‘consciously disregard[ed] a substantial and unjustifiable risk that his conduct would cause that result.’ Model Penal Code and Commentaries, § 210.03,- Comment 4 (1980). The difference between the circumstances which will support a murder conviction and the degree of risk contemplated by the manslaughter statute is one of degree, not kind. From a comparison of Sections 210.03 and 210.02 of the Model Code, it appears that the degree of recklessness which will support a manslaughter conviction involves a circumstance which is a ‘gross deviation from the standard of conduct that a law-abiding person would observe in the actor’s situation,’ but is not so high that it cannot be ‘fairly distinguished from’ the mental state required in intentional homicides. Compare Comment 4 to § 210.02 with Comment 4 to § 210.03.”
463 So.2d at 172 (footnote omitted). As this Court said in Fox v. State, supra:
“The strongest evidence that supports an instruction on manslaughter is the fact that the jury specifically found the appellant guilty of ‘reckless murder,’ § 13A-6-2(a)(2), which requires a similar mental state to the offense of ‘reckless manslaughter.’ § 13A-6-3(a)(l). See McLaughlin v. State, 586 So.2d 267 (Ala.Crim.App.1991).”
659 So.2d at 213.
Based on the facts of this case and the applicable law regarding when a defendant is entitled to a jury charge on a lesser-included offense, we must reverse Howard’s conviction and remand the case. See § 13A-l-9(b), Ala.Code.1975; Ex parte Smith, 756 So.2d 957 (Ala.2000); Fox v. State, supra. In this particular case, there is evidence that several shots were fired from Howard’s .38 caliber pistol near a yard where several children were playing as Coley struggled with Howard to wrestle the pistol from his hand. Based on the evidence presented at trial, we hold that there was sufficient evidence of man *1054 slaughter to warrant submitting it to the jury. Thus, the trial court erred in failing to charge the jury on manslaughter. Accordingly, Howard’s conviction and sentence are due to be reversed, and this cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH and KELLUM, JJ„ concur. WISE, P.J., and WTNDOM, J., dissent.

. The record discloses that both Gray and Jackson shot a .45 caliber gun later that evening after the victim had been shot. Gray testified that once Jackson gave him the pistol, he drove down Eric Lane and shot the pistol in the air. Jackson testified that he shot the pistol later that night around 8:30 or 9:30 p.m. in his cousin’s yard located further down Eric Lane.